FILED
IN OPEN COURT

MAY - 8 2013

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

NORFOLK DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | Criminal No. 2:12cr184 |
| v. | ) | |
| | ) | 18 U.S.C. § 794(a) |
| ROBERT PATRICK HOFFMAN II, | ) | Attempted Espionage |
| | ) | |
| Defendant. | ) | 18 U.S.C. § 794(d) |
| | ) | Forfeiture |

<u>SUPERSEDING INDICTMENT</u>

MAY 2013 TERM – at Norfolk, Virginia

THE GRAND JURY CHARGES THAT:

1. ROBERT PATRICK HOFFMAN II (HOFFMAN), the defendant, is a United States citizen, born in 1973 in Buffalo, New York. He served for twenty years in the United States Navy and achieved the rank of Petty Officer First Class. He was trained as a Cryptologic Technician – Technical. He retired from active duty at the rank of E6, on or about October 31, 2011.

2. "Classified" information is defined in Executive Order 13526 as information in any form that: (1) is owned by, produced by or for, or is under the control of the United States government; (2) falls within one or more of the categories set forth in the Order; and (3) is classified by an original classification authority who determines that its unauthorized disclosure reasonably could be expected to result in damage to the national security.

3. Where such unauthorized disclosure could reasonably result in "serious" damage to the national security, the information shall be classified as "SECRET" and must be properly

safeguarded. Where such damage could reasonably result in "exceptionally grave" damage to the national security, the information shall be classified as "TOP SECRET" and must be properly safeguarded. Access to classified information at any level may be further restricted through compartmentation in "SENSITIVE COMPARTMENTED INFORMATION" (SCI) categories. SCI is classified information concerning or derived from intelligence sources, methods, or analytical processes and is required to be protected within formal access control systems established and overseen by the Director of National Intelligence.

4. When the vulnerability of, or threat to, specific information is exceptional, and the normal criteria for determining eligibility for access to classified information are insufficient to protect the information from unauthorized disclosure, the United States may establish "CONTROLLED ACCESS PROGRAMS" (CAPs) to further protect the classified information. A CAP limits the number of persons who will have access, in order to further protect the information.

5. Classified information, of any designation, may be shared only with persons determined by an appropriate United States government official to be eligible for access, and who possess a "need to know." If a person is not eligible to receive classified information, it may not be disclosed to that person. In order for a foreign government to receive access to classified information, the originating United States agency must determine that such release is appropriate.

6. While serving in the Navy, HOFFMAN held a TOP SECRET/SCI clearance with access to CAPs. He had access to classified national defense information relating to programs and operations in which he participated.

7. During his naval career, on or about January 16, 1992, December 11, 2001 and September 7, 2009, HOFFMAN entered into Classified Information Nondisclosure Agreements with the United States. As a condition of receiving access to classified information, HOFFMAN acknowledged and agreed, in pertinent part, as follows:

> ... I have been advised that the unauthorized disclosure, unauthorized retention, or negligent handling of classified information by me could cause damage or irreparable injury to the United States or could be used to advantage by a foreign nation. I hereby agree that I will never divulge classified information to anyone unless: (a) I have officially verified that the recipient has been properly authorized by the United States Government to receive it; or (b) I have been given prior written notice of authorization from the United States Government Department or Agency (hereinafter Department or Agency) responsible for the classification of the information or last granting me a security clearance that such disclosure is permitted.
>
> ... I have been advised that any unauthorized disclosure of classified information by me may constitute a violation, or violations, of United States criminal laws, including the provisions of Sections 641, 793, 794, 798, 952, and 1924, Title 18, United States Code, . . . .
>
> ... I understand that all classified information to which I have access or may obtain access by signing this Agreement is now and will remain the property of, or under the control of the United States Government unless and until otherwise determined by an authorized official or final ruling of a court of law.

8. During his naval career, on or about May 27, 1992, HOFFMAN also entered into a SENSITIVE COMPARTMENTED INFORMATION Nondisclosure Statement and agreement with the United States. As a condition of receiving access to SENSITIVE COMPARTMENTED INFORMATION, HOFFMAN acknowledged and agreed, in pertinent part, as follows:

> ... I have been advised that the unauthorized disclosure, unauthorized retention, or negligent handling of SCI by me could cause irreparable injury to the United States or be used to advantage by a foreign nation. I hereby agree that I will never divulge anything marked as SCI or that I know to be SCI to anyone who is not authorized to receive it without prior written authorization from the United States Government department or agency (hereinafter

Department or Agency) that last authorized my access to SCI. I understand that it is my responsibility to consult with appropriate management authorities in the Department or Agency that last authorized my access to SCI, whether or not I am still employed by or associated with that Department or Agency or a contractor thereof, in order to ensure that I know whether information or material within my knowledge or control that I have reason to believe might be SCI, or related to or derived from SCI, is considered by such Department or Agency to be SCI. I further understand that I am obligated by law and regulation not to disclose any classified information or material in an unauthorized fashion.

. . . I have been advised that any unauthorized disclosure of SCI by me may constitute violations of United States criminal laws, including the provisions of Sections 793, 794, 798, and 952, Title 18, United States Code, . . . .

. . . I understand that all information to which I may obtain access by signing this Agreement is now and will remain the property of the United States Government unless and until otherwise determined by an appropriate official or final ruling of a court of law.

9. Before retiring from the Navy, on or about July 13, 2011, HOFFMAN signed a Security Termination Statement in which he acknowledged and agreed, in pertinent part, as follows:

. . . I shall not hereafter communicate or transmit classified information to any person or agency. I understand that the burden is upon me to ascertain whether or not information is classified and I agree to obtain the decision of the Chief of Naval Operations (CNO) or the CNO's authorized representative, on such matters prior to disclosing information which is or may be classified.

. . . I will report to the Federal Bureau of Investigation or to the local Naval Criminal Investigative Service office without delay any incident wherein an attempt is made by an unauthorized person to solicit classified information.

10. On or about October 21, 2012, in the Eastern District of Virginia, ROBERT PATRICK HOFFMAN II unlawfully and knowingly did attempt to communicate, deliver and transmit to a foreign government, namely, the Russian Federation, and to any representative, officer and agent thereof, directly and indirectly, a document, writing, plan, note and information

relating to the national defense of the United States, including:

    (a) information classified as SECRET that revealed and pertained to methods to track United States submarines, including the technology and procedures required, and

    (b) information classified as TOP SECRET/SENSITIVE COMPARTMENTED INFORMATION that warned of the capabilities of the United States to track foreign warships;

with intent and reason to believe that such information was to be used to the injury of the United States and to the advantage of a foreign nation, namely, the Russian Federation. In fact, the defendant delivered the classified information to the Federal Bureau of Investigation, which was conducting an undercover operation.

    (In violation of Title 18, United States Code, Section 794(a).)

## FORFEITURE

1. The defendant, ROBERT PATRICK HOFFMAN II, if convicted of the offense set forth in this indictment, shall forfeit to the United States as part of the sentencing and pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, irrespective of any provision of State law:

 a. Any property constituting, and derived from, any proceeds the defendant obtained, directly or indirectly as the result of such violation; and

 b. Any property used, and intended to be used, in any manner or part, to commit and to facilitate the commission of such violation.

2. Pursuant to Title 21, United States Code, Section 853(p), the defendant shall forfeit substitute property, up to the value of the property subject to forfeiture as described above, if, as a result of any act or omission of the defendant any such property subject to forfeiture: (i) cannot be located upon the exercise of due diligence; (ii) has been transferred, sold to, or deposited with a third party; (iii) has been placed beyond the jurisdiction of the Court; (iv) has been substantially diminished in value; or (v) has been commingled with other property which cannot be divided without difficulty.

(In accordance with 18 U.S.C. § 794(d)(1)-(4).)

<u>United States v. Robert Patrick Hoffman II</u>
Criminal No. 2:12cr184

Pursuant to the E-Government Act, the original of this page has been filed under seal at the Clerk's Office.

A TRUE BILL:

REDACTED COPY

_____
FOREPERSON

Neil H. MacBride
United States Attorney

By: /s/ Robert J. Krask
Robert J. Krask
Assistant United States Attorney
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Tel. - 757-441-6331
Fax - 757-441-6689
Email - bob.krask@usdoj.gov

/s/ Alan M. Salsbury
Alan M. Salsbury
Assistant United States Attorney
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Tel. - 757-441-6331
Fax - 757-441-6689
Email - alan.salsbury@usdoj.gov

/s/ Alan M. Salsbury
fof Heather M. Schmidt
Trial Attorney, Counterespionage Section
National Security Division
United States Department of Justice
600 E Street N.W., 10th Floor
Washington, D.C. 20004
Tel. - 202-233-2132
Fax - 202-233-2147
Email - heather.schmidt@usdoj.gov