IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

**UNITED STATES OF AMERICA,**

v.  CRIMINAL NO. 2:12cr184

**ROBERT PATRICK HOFFMAN, II,**

Petitioner.

## OPINION AND ORDER

This matter comes before the Court on Robert Patrick Hoffman, II's ("Petitioner") Motion for Return of Seized Property ("Motion"). ECF No. 208. For the reasons set forth herein, the Court **GRANTS IN PART** and **DENIES IN PART** Petitioner's Motion. ECF No. 208.

I.  PROCEDURAL HISTORY AND FACTUAL BACKGROUND

On May 8, 2013, Petitioner was named in a one-count Superseding Indictment charging him with Attempted Espionage, in violation of 18 U.S.C. § 794(a). ECF No. 50. On August 21, 2013, after a five-day trial, a jury unanimously found Petitioner guilty, beyond a reasonable doubt, of Count One of the Superseding Indictment. ECF No. 118. On November 25, 2013, the Court entered a Consent Order of Forfeiture signed by Petitioner, listing numerous electronic items to be forfeited pursuant to 18 U.S.C. § 794(d) ("Consent Order"). ECF No. 128.

On February 10, 2014, the undersigned sentenced Petitioner to 360 months of imprisonment. ECF No. 142. Petitioner appealed his sentence and on May 5, 2015, the Fourth Circuit affirmed this Court's Judgment. United States v. Hoffman, 612 Fed. App'x 162 (4th Cir. 2015) (opinion docketed as amended at ECF No. 194). On June 30, 2016, the clerk docketed Petitioner's Motion to Vacate Under 18 U.S.C. § 2255 ("2255 Motion"). ECF No. 203. On February 16,

1

2018, the court denied Petitioner's 2255 Motion. ECF No. 215. Petitioner's Notice of Appeal regarding this decision to the Fourth Circuit was filed on May 1, 2018. ECF No. 219. The Fourth Circuit dismissed Petitioner's Appeal on September 27, 2018. ECF No. 226.

On June 6, 2017, Petitioner filed the instant Motion for Return of Seized Property ("Motion"). ECF No. 208. The United States filed its Response to Petitioner's Motion for Return of Seized Property on August 4, 2017 ("Response"). ECF No. 211. Petitioner filed his Reply to Government's Response in Opposition to the Return of Seized Property on August 21, 2017 ("Reply"). ECF No. 212.

## II.   GOVERNING STANDARDS

Federal Rule of Criminal Procedure 41(g) provides that "[a] person aggrieved by . . . the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). However, "[t]he Court properly denies a motion for return of property if the Petitioner lacks entitlement to 'lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues.'" Hill v. United States, 296 F.R.D. 411, 414 (E.D. Va. 2013) (quoting United States v. Vanhorn, 296 F.3d 713, 719 (8th Cir. 2002)), aff'd, 567 F. App'x 202 (4th Cir. 2014).

## III.   MOTION FOR RETURN OF SEIZED PROPERTY

In Petitioner's Motion, he requests return of the following:

1) All physical items/devices seized from his home that are not listed in [the Consent Order of Forfeiture], and;

2) Copies of all electronic media (i.e., family and professional photos, videos and documents) in their original file format, from the devices forfeited pursuant to [the Consent Order of Forfeiture].

ECF No. 208 at 4. Petitioner argues that he is entitled to the requested relief under because such "items were never forfeited, have never been considered contraband, are in the

2

government's possession and are unresponsive to his . . . 28 U.S.C. § 2255 motion." Id. As to the first category of items Petitioner requests (those physical items/devices not listed in the Consent Order), Petitioner offers no argument as to what these items are or why they should be returned. Regarding the second category of requested items, Petitioner notes that "[t]he devices seized . . . contain over two decades worth of Petitioner's family's life, professional life and countless other documents stored electronically." ECF No. 208 at 3. Petitioner argues that he is not requesting the "the forfeited devices themselves" but rather, such "family and professional photos, videos and files on his seized devices." Id. at 6.

In response, the Government sets forth three categories of Petitioner's property, some of which the Government argues must not be returned. ECF No. 211 at 3–6. First, the Government details the property which it is able to return to Petitioner. Id. at 3–4. Second, the Government sets forth items which are not listed in the Consent Order, but which the Government argues it is unable or not required to return. Id. at 4–5. The Government argues that it is unable to return certain items containing classified information as well as other items belonging to the Government. Id. With regard to the third category (personal files and electronic media located on forfeited electronics), the Government argues that because Petitioner "signed a consent order of forfeiture listing numerous electronics without any exceptions or caveats," he "waived any claim whatsoever to the property set forth in the consent order of forfeiture." ECF No. 211 at 5. As such, the Government argues that Petitioner forfeited all contents on the forfeited devices and is not entitled to the return of such media or data. ECF No. 211 at 6.

IV. ANALYSIS

For the reasons stated herein, the Court finds that the Government must return certain property to Petitioner, while certain other property is not to be returned.

## A. PROPERTY THE UNITED STATES IS ORDERED TO RETURN

In its Response, the Government notes that it "has reviewed the property associated with this case that is in its possession and is able to return" certain items "because they are [Petitioner's] property, they were not forfeited, they do not contain classified material, and possession of the items is not otherwise unlawful." ECF No. 211 at 3. The items in this category include: "(1) one folder containing TSP, bank and medical records; (2) one David Clark headset; (3) one bag of travel documents and photos related to a Belarus trip; (4) one bag of tax and school related documents and an ECPI identification card; (5) one large bag with blank DVDs; (6) one bag of loose digital media and DVDs; (7) one Minolta 35mm camera; (8) one box of large black trash bags and roll of white electrical tape used at a dead drop; (9) one Tom Tom GPS and power cord; (10) 2 keys; (11) one camouflage backpack; (12) three Zippo lighters bearing submarine logos; (13) PNY 4GB USB drive; (14) Gray My Flash thumb drive and a black and gray microscan disk; (15) 13 hard drives found in buckets of liquid behind Hoffman's house; (16) Sony 32MB memory stick; (17) 30 CDs; (18) CDSA SSN-21 operator training course binder; (19) Notebook and paper; (20) Green notebook; (21) IA training certificates; (22) Manila folder containing handwritten notes; (23) 2 Post-It notes containing handwritten notes; (24) Kodak V1073 camera; (25) Small spiral notebook containing handwritten notes; and (26) Orange Mead notebook containing handwritten notes." ECF No. 211 at 3.

Upon consideration of Petitioner's Motion, the Government's Response, and Petitioner's Reply, the Court **FINDS** that each of these items should be returned to Petitioner.

Petitioner requests that the items be returned directly to his mother, Ms. Joan Hoffman, at an address in Buffalo, New York. ECF No. 208 at 8. The Court will not order the Government to send the items directly to Petitioner's mother. However, the Court would like the Government's

4

position on shipping the items to Buffalo, New York. As such, the Court **ORDERS** that the Government submit within fourteen (14) days from the issuance of this Order a brief memorandum outlining its position regarding sending such items to a location in Buffalo, New York where Petitioner's mother could pick them up and execute a receipt for such items.

### B. PROPERTY THE UNITED STATES IS NOT ORDERED TO RETURN

#### 1. Property Not Included in the Consent Order of Forfeiture, but Which the Government is Not Required to Return

The Court finds that certain items not included in the Consent Order, ECF No. 128, must not be returned to Petitioner. These items include certain items containing classified information and items belonging to the Government.

First, the Government notes that multiple requested items contain classified information. ECF No. 211 at 4. These items are as follows: (1) notebook with basic submarine qualification notes; (2) documents marked classified; (3) purple verbatim thumb drive; (4) green verbatim thumb drive; (5) notes with schematics and a list of boats with month, year and geolocation. Id. Plaintiff does not contest these representations in his Reply but rather, "agrees that he is not entitled to...items that are properly determined to be classified." ECF No. 212 at 2. The Court finds that not only does Petitioner "lack[] entitlement to lawful possession of" such seized property due to its classified nature, but providing such classified items to Petitioner would pose potential security risks. Hill, 296 F.R.D. at 414 (internal quotations removed). As such, the Court finds that these items must not be returned to Petitioner.

Second, there are two items that are Government property and therefore, should not be returned to Petitioner. The Government represents that the first item in this category consists of "transmittal receipts for classified materials, but which become unclassified upon removal of the enclosures, which are not present." ECF No. 211 at 5. The Government represents that such

5

"transmittal receipts are government property in the first instance" and therefore "never belonged to" Petitioner. Id. The second item is a "black and red SanDisk USB drive that [Petitioner] left behind at a dead drop." Id. The Government argues that "[w]hen [Petitioner] left the USB drive at a dead drop for someone he believed to be a Russian agent to pick it up, he clearly relinquished both possession of and title to that USB drive." Id. Similar to the items containing classified information, Plaintiff does not contest these representations in his Reply and instead, "agrees that he is not entitled to...property that is not rightfully his." ECF No. 212 at 2. The Court agrees with the Government's position and finds that Petitioner "lacks entitlement to lawful possession of" these items, one of which has always been Government property and the other became Government property when Petitioner relinquished his possession and title of it by leaving it at a "dead drop." See Hill, 296 F.R.D. at 414 (internal quotations removed); ECF No. 211 at 5. As such, the Court finds that the transmittal receipts and the SanDisk USB drive must not be returned to Petitioner.

### 2. Petitioner's Personal Files and Media Contained on Forfeited Electronics

Finally, the Court finds that Petitioner is not entitled to the return of "[c]opies of all electronic media...from the devices forfeited pursuant to" the Consent Order. ECF Nos. 208 at 4, 128.

Petitioner argues that such electronic media (including "family and professional photos, videos and documents") should be returned because he is merely requesting the return of media on the forfeited devices, and "not the forfeited devices themselves." ECF No. 208 at 6. Petitioner argues that because such electronic media is "a wholly distinct and separate piece of property from the storage medium," none of this "requested property was ever forfeited." Id. at 5, 7. In support of this position, Petitioner argues that "the forfeiture order and the search

6

warrants are devoid of language requiring the forfeiture or seizure of non-responsive items, i.e. electronic family media, and only discusses [sic] physical devices or media related to defendant's conviction...." Id. at 5.

In response, the Government notes that "[n]othing in the consent order of forfeiture in this case suggests that anything other than the electronic devices in their entirety were forfeited." ECF No. 211 at 10. Noting that the Fourth Circuit has not ruled on this issue, the Government cites to United States v. Noyes, in which the court determined that where petitioner "requested the return of certain files and programs contained on the forfeited computers," "the computers as a whole including all of their files and programs, were subject to the forfeiture order." 557 F. App'x 125, 127 (3d Cir. 2014).

Similar to the computers at issue in Noyes, the Court finds that Petitioner's electronic devices as a whole, including all of their files and programs, were subject to the Consent Order. The language of the Consent Order clearly states that "[t]he United States shall seize all forfeited property and shall take full and exclusive custody and control of same" and "shall have clear title to the property." ECF No. 128 at ¶¶ 2, 4. Further, much like the forfeiture statute at issue in Noyes, there is no language in 18 U.S.C. § 794(d) (the applicable forfeiture statute) indicating that only a portion of the forfeited property can be forfeited. 557 F. App'x at 127.

For these reasons, the Court finds that the devices subject to the Consent Order of Forfeiture were forfeited in their entirety. As such, the Government is not required to return any requested electronic media located on such devices to Petitioner.

V. **CONCLUSION**

For the reasons set forth above, the Court **GRANTS IN PART** and **DENIES IN PART** Petitioner's Motion for Return of Seized Property, ECF No. 208, and hereby **ORDERS** as follows:

7

The Court **GRANTS** Petitioner's Motion as to the items listed in section IV.A. of this Order. However, before ordering the return of the items in section IV.A. of this Order, the Court **ORDERS** that the Government submit within fourteen (14) days from the issuance of this Order a brief memorandum outlining its position regarding sending such items to a location in Buffalo, New York where Petitioner's mother could pick them up and execute a receipt for such items.

The Court **DENIES** Petitioner's Motion as to all other items requested and **ORDERS** that the Government is not required to return to Petitioner any items not listed in section IV.A. of this Order for the reasons stated herein.

The Clerk is **DIRECTED** to forward a copy of this Order to Petitioner and all Counsel of Record.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
Senior United States District Judge
UNITED STATES DISTRICT JUDGE

Norfolk, VA
November __, 2018