IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT PATRICK HOFFMAN, II,<br><br>Defendant. | Case No. 2:12-cr-184 |

**OPINION & ORDER**

Before the Court is Defendant Robert Patrick Hoffman's Motion for a Reduced Sentence. ECF No. 244. For the reasons stated herein, the motion is **DENIED.**

**I.     BACKGROUND**

A jury found the defendant guilty of attempted espionage in violation of 18 U.S.C. § 794(a) and (d)(1)(4). ECF No. 118; ECF No. 144 ¶ 1–2, 4. The defendant was assigned a total offense level of 42 and a criminal history category of I, resulting in an advisory guidelines range of 360 months to life. *Id.* ¶¶ 57 (offense level), 58 (criminal history category), 59 (guidelines range) (SEALED). The court sentenced the defendant to 360 months of incarceration and a supervised release term of five years. ECF No. 142.

The defendant filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). ECF No. 244. The government opposes the request. ECF No. 249.

## II. LEGAL STANDARD

### A. Offense Level Reduction

If a defendant has been sentenced to an imprisonment term based on a sentencing range that has subsequently been lowered by the Sentencing Commission:

> the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

On November 1, 2023, the United States Sentencing Commission's Amendment 821 took effect. The amendment limits the impact of criminal history "status points" and creates a mechanism for decreasing the total offense level for certain defendants who "did not receive any criminal history points" at the time of sentencing. U.S.S.G. § 4C1.1. Pursuant to the amendment, courts may reduce the offense level by two if the defendant meets certain criteria. Those criteria are:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

2

> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
>
> (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
>
> (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role); and
>
> (11) the defendant was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

*Id.* Amendment 821 applies retroactively where an order reducing a defendant's term of imprisonment takes effect no earlier than February 1, 2024. U.S.S.G. § 1B1.10 cmt. n. 7.

Section 1B1.10 sets forth the procedure for implementing retroactive amendments to the sentencing guidelines. Courts applying U.S.S.G. § 1B1.10 are directed to take a two-step approach. *Dillon v. United States*, 560 U.S. 817, 827 (2010). First, courts are to "determine the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing," substituting applicable amendments "for the corresponding guideline provisions that were applied when the defendant was sentenced" and leaving "all other guideline application decisions unaffected." *Id.* at

3

827 (quoting U.S.S.G. § 1B1.10) (internal quotation marks omitted, alterations rejected).

**B.    18 U.S.C. § 3553(a) Factors**

Second, the district court must "consider any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827. Those factors are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B) to afford adequate deterrence to criminal conduct;

   (C) to protect the public from further crimes of the defendant; and

   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established [by the Sentencing Commission];

(5) any pertinent policy statement [issued by the Sentencing Commission] [that is in effect on the date the defendant is sentenced except as provided in section 3742(g)];

      (6)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

      (7)    the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

## III. ANALYSIS

### A. Eligibility

The defendant was not assigned any criminal history points, ECF No. 144 ¶¶ 27–32, and none of the exclusions listed in U.S.S.G. § 1B1.10(e)(2) apply to him. Accordingly, the Court determines that the defendant is eligible for a two-offense-level reduction under U.S.S.G. § 4C1.1.

### B. Amended Guidelines Range

The defendant's offense level at the time of sentencing was 42, which resulted in an advisory sentencing guidelines range of 360 months to life. ECF No. 144 ¶¶ 57 (offense level), 59 (guidelines range) (SEALED). Applying Amendment 821 to the defendant reduces his offense level to 40 and his advisory sentencing guidelines range to 292 to 365 months. U.S.S.G. § 5A (Sentencing Table).

### C. 18 U.S.C. § 3553(a) Factors

Though the defendant is eligible for a reduction, the applicable 18 U.S.C. § 3553(a) factors counsel against relief. Considering the "seriousness of the offense," the sentence imposed must be sufficient to "promote respect for the law," "provide just punishment for the offense," and "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2).

The "nature and circumstances of the offense" for which the defendant was convicted are unquestionably serious. A jury found the defendant guilty of attempted espionage in violation of 18 U.S.C. § 794(a) and (d)(1)(4), for attempting to pass national defense information to someone he thought was a Russian intelligence operative. ECF No. 118; ECF No. 144 ¶ 7. He made trips to a drop site and requested compensation for the top-secret information, all while looking to "develop mutual trust." ECF No. 144 ¶¶ 13–15. He also admitted to providing classified information to the Russians, because he was "bored." *Id.* ¶ 19. Irrespective of his proffered reasons for this unlawful conduct, the Court must take seriously cases like this one that involve attempts to compromise the nation's security.

Perhaps even more troubling to the § 3553(a) analysis is that the defendant has not yet accepted responsibility for his conduct. During his sentencing hearing, the defendant said: "I will not beg for mercy over a crime I did not commit, not from this Court and certainly not from the FBI. I will not apologize for doing my job and being good at it." ECF No. 147 at 40, ¶¶ 15–20. The defendant made this statement over 11 years ago, but the briefing on this motion and the defendant's *pro se* supplemental filing do little to suggest the defendant has had a change of heart. *See generally* ECF No. 255. Accordingly, the need for deterrence is high in this case; both specific deterrence for the defendant who still appears to believe he did nothing wrong and general deterrence to prevent other would-be Robert Hoffman's from engaging in similar conduct.

As to the "history and characteristics of the defendant," the Court is not persuaded by the defendant's honorable military service before he betrayed the United States nor his status as a zero-point offender. ECF No. 144 ¶¶ 9, 43. Ordinarily this type of history is wholly positive, but here it compounds the severity of the defendant's crime. The defendant served as a Cryptologic Technician-Technical ("CTT"), where he was the first line of defense for United States submarines. *Id.* In his role, he was regularly trusted with top secret information, which, if shared with foreign entities, would endanger the national security of the United States. *Id.* After serving in the Navy for two decades and undergoing training on the importance of protecting sensitive information, the defendant *still* attempted to share top secret information with people he believed to be Russian intelligence operatives, risking the safety of the country he swore to protect. ECF No. 144 ¶¶ 7–9, 17.

Lastly, the Court has also considered the defendant's record during his incarceration. The Motion outlines a host of educational, health, and recreational classes in which the defendant has participated. *See* ECF No. 244 at 2–3. And, of course, the defendant should be commended for those efforts. The Court is always pleased to see when individuals who are incarcerated take advantage of programs designed to better themselves and to aid in the rehabilitation process. But in this Court's view, those efforts alone do not outweigh the Court's analysis of the other

7

sentencing factors. And to be clear, the defendant's prison record is not without its blemishes.[1]

After weighing the factors enumerated in 18 U.S.C. § 3553(a), the Court finds that sentence reduction is not warranted. Accordingly, the defendant's Motion for a Reduced Sentence will be **DENIED.**

## IV. CONCLUSION

Defendant Robert Patrick Hoffman's Motion for a Reduced Sentence (ECF No. 244) is **DENIED.**

It is **ORDERED** that the defendant's total offense level is **REDUCED** from 42 to 40.[2]

All other portions of the Judgment in this case remain in effect.

**IT IS SO ORDERED.**

/s/
Jamar K. Walker
United States District Judge

Norfolk, Virginia
June 26, 2025

---

[1] Just last year, the defendant was sanctioned for fighting. ECF No. 249-2 (disciplinary record). Additionally, the defendant was placed on Special Administrative Measures ("SAMs") because of various attempts to send coded messages and engage with the media. ECF No. 249-1. The defendant disputes the facts surrounding the fight and the SAMs violations. But even if these allegations were false, the Court's conclusion would remain unchanged, especially considering the nature and circumstances of the defendant's offense.

[2] The defendant's 360-month sentence is still within the adjusted guidelines range of 292 to 365 months.