**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT PATRICK HOFFMAN, II,<br><br>Defendant. | Case No. 2:12-cr-184 |

**OPINION & ORDER**

Defendant Robert Patrick Hoffman, II asks the Court to reconsider its decision on his motion to vacate the special administrative measures (SAMs) imposed on him by the Federal Bureau of Prisons. ECF No. 267. The defendant is entitled to reconsideration on legal grounds. However, because his latest submission makes clear that he intends to proceed under the Prison Litigation Reform Act (PLRA), the Court must deny substantive relief and permit the defendant to file his request in the judicial district where he is confined.

## I.    BACKGROUND

A jury found the defendant guilty of attempted espionage in violation of 18 U.S.C. § 794(a) and (d)(1)(4). ECF No. 118; ECF No. 144 ¶¶ 1–2, 4. On the recommendation of the Chief of Counterintelligence and Export Control Section, National Security Division (CES/NSD) and the United States Navy, with the Federal Bureau of Investigation (FBI) concurring, the Attorney General instructed the Bureau of Prisons (BOP) to impose SAMs against the defendant while he serves his sentence because they suspect that he may attempt to share classified information

with the media. ECF No. 276-1 at 4, 6. The Attorney General has upheld the SAMs every year since 2014 due to the defendant's alleged conduct while he has been incarcerated. *Id.* at 2, 4. The defendant claims there is no factual basis for the SAMs. *See* ECF No. 276-1 at 1; *see generally* ECF No. 264.

The Court received the defendant's motion to vacate the SAMs on September 10, 2025. ECF No. 264. The Court denied the motion, finding that the defendant failed to demonstrate that he exhausted administrative remedies before seeking relief in this Court. ECF No. 265. The defendant timely filed a motion for reconsideration according to Federal Rule of Civil Procedure 59(e). ECF No. 267. The government moved to dismiss the motion for failure to exhaust and based on improper venue. ECF No. 274 at 4–7. The defendant responded to the government's motion and submitted two supplemental briefs. ECF Nos. 275, 276, 277.[1]

## II.   LEGAL STANDARD

### A.   Reconsideration

The Federal Rules of Criminal Procedure do not specifically provide for motions for reconsideration. *Nilson Van & Storage Co. v. Marsh*, 755 F.2d 362, 364 (4th Cir. 1985). Therefore, courts in this circuit "are guided by analogy to the standards established by the civil rules." *United States v. Young*, 260 F. Supp. 3d 530, 555 (E.D.

---

[1] The defendant styles one of these submissions (ECF No. 277) as a motion to supplement his motion to vacate the SAMs. For good cause shown, that motion is **GRANTED**. The Court has considered the supplemental submission.

Additionally, the Clerk is directed to terminate the docket entry at ECF No. 276, which is not styled as a motion.

2

Va. 2017); *see, e.g., United States v. Benjamin*, No. 3:21-cr-525, 2023 WL 3325268, at *2 (D.S.C. May 9, 2023) (When addressing "motions for reconsideration, the Court will look to the rules governing civil cases as a substantive guidepost."); *see also*; *United States v. Holland*, 396 F. App'x 937, 938 (4th Cir. 2010) (unpublished) (affirming grant of motion for reconsideration).

"When a party in a criminal case moves for reconsideration, it is within the sole discretion of the district court to determine whether it is appropriate to grant the motion." *United States v. Mallory*, 337 F. Supp. 3d 621, 626 (E.D. Va. 2018) (citations omitted); *see Wojcicki v. SCANA/SCE&G*, 947 F.3d 240, 246 (4th Cir. 2020) (denial of a motion for reconsideration reviewed for abuse of discretion). A motion for reconsideration can succeed when it seeks a change in the district court's ruling "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence; or (3) to correct a clear error of law or prevent manifest injustice." *Id.* (alterations accepted and citation omitted).

### B.    Exhaustion

An "affected inmate may seek review of any special restrictions imposed . . . through the Administrative Remedy Program, 28 CFR part 542." 28 C.F.R. §§ 501.2(d), 501.3(e). But before challenging SAMs in federal court, a prisoner must exhaust their administrative remedies according to 28 C.F.R. § 501.3(e). *United States v. Abu Ali*, 528 F.3d 210, 244 (4th Cir. 2008).[2]

---

[2] The defendant's SAMs arise under § 501.2 because his case dealt with national security, but the language for remedies under § 501.2(d) is the same as the language under § 501.3(e).

First, an inmate must present an issue informally to staff before submitting a request for administrative remedy, known as a BP-9. 28 C.F.R. §§ 542.13(a), 542.14(a). Second, within 20 days of the warden's response to the BP-9, the inmate may submit an appeal (known as a BP-10) to the appropriate regional director. *Id.* § 542.15(a). Finally, an inmate may appeal from the regional director's response to the general counsel within 30 days by filing a BP-11. *Id.* Appealing to the general counsel is the final step in the administrative appeal. *Id.* Thus, after a response to the BP-11 is filed or after 40 days with no response, whichever is sooner, administrative remedies are exhausted. *Id.* § 542.18.

## C.     Relief

A civil rights action under 42 U.S.C. § 1983 is usually the correct avenue for relief for complaints related to conditions of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) (Section 1983 is a proper remedy when a prisoner challenges conditions of confinement and not fact or length of custody). Section 1983 requires the movant to establish (1) that they were deprived of a right secured by the Constitution or laws of the United States; and (2) that the alleged deprivation was committed under color of state law. *First Choice Women's Res. Ctrs., Inc. v. Davenport*, 146 S. Ct. 1114, 1120 (2026); *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, 637 (2016).

A § 1983 action against a federal agent, such as a prison official, is governed by *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). However, *Bivens* typically applies narrowly to Fourth, Fifth, and Eighth Amendment claims. *See id.*

(4th Amendment); *David v. Passman*, 442 U.S. 228 (1979) (Fifth Amendment); *Carlson v. Green*, 446 U.S. 14 (1980) (Eighth Amendment). Significantly, *Bivens* actions cannot be raised against the BOP as a federal agency or against the United States Government. *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994) ("An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself.")

Alternatively, a prisoner may seek a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *U.S. v. Little*, 392 F.3d 671, 679 (4th Cir. 2004). However, if the issue presented has to do with conditions of confinement, then habeas relief under § 2241 might not be the correct avenue for relief. *See Wilborn v. Mansukhani*, 795 F. App'x. 157, 163–64 (4th Cir. 2019) (unpublished) (the Fourth Circuit generally denies relief under § 2241 for conditions of confinement cases).

## III.   ANALYSIS

### A.   Reconsideration

The defendant meets the standard for reconsideration because he has now clearly stated in this motion that he is pursuing a claim under § 1983 pursuant to the PLRA. *See* ECF No. 267 at 1. "[F]ailure to exhaust is an affirmative defense under the PLRA," so "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). Therefore, the Court cannot dismiss a request for relief *sua sponte* on that ground. *See Custis v. Davis*, 851

F.3d 358, 361–363 (4th Cir. 2017) (a court may only dismiss a complaint *sua sponte* when the face of the complaint clearly establishes that the inmate failed to exhaust).[3]

Though the government raised failure to exhaust in response to the defendant's motion for reconsideration, the affirmative defense was not before the Court on the original motion. ECF No. 274. Now that the defendant has explained he is proceeding under the PLRA, it is clear the Court's decision on that motion was erroneous.[4]

### B.    Venue

The correct venue for a civil action under 42 U.S.C. § 1983 is the district where the plaintiff is incarcerated. 28 U.S.C. § 1391(b)(1), (b)(2); *see Cameron v. Thornburgh*, 983 F.2d 253, 257 (D.C. Cir. 1993); *United States v. Aigbekaen*, No. 1:15-cr-462, 2024 WL 150094, at *1 (D. Md. Jan. 12, 2024); *see also Shaaban v. United States*, No. 1:09-cv-1231, 2014 WL 12800479, at *4 (S.D. Ind. Sep. 30, 2014)

---

[3] The Fourth Circuit has not said whether this rule also applies to habeas corpus petitions under 28 U.S.C. § 2241. However, some courts have concluded it does. *See, e.g.*, *Flythe v. Saad*, No. 3:18-cv-57, 2018 WL 6265020, at *3-4 (N.D. W. Va. Sep. 19, 2018), *report and recommendation adopted*, No. 3:18-cv-57, 2018 WL 5629916 (N.D.W.Va. Oct. 31, 2018) (finding that a court may *sua sponte* dismiss a § 2241 motion for failure to exhaust because it was clear from the complaint that the prisoner did not exhaust).

[4] Now that the government has raised the issue, the defendant seeks to satisfy the exhaustion requirement based on new evidence. *See* ECF Nos. 277-1 (general counsel's reply to defendant's original appeal); 276-1 (general counsel's reply to defendant's second appeal). The Court need not determine whether to consider those submissions on the merits or whether they satisfy the exhaustion requirement because this Court is the improper venue for the defendant's PLRA claim.

(challenges against SAMs should be brought in the district of confinement because they are not part of a defendant's sentence).[5]

The Court understands why the defendant filed his motion here. *See* ECF No. 275 at 1 (asserting that "lawyers [ ] for the [Department of Justice] instructed [him] to first file with [the] sentencing court"). However, the correct venue for the defendant's request is the district where he is currently incarcerated.[6]

## IV.    CONCLUSION

Defendant Robert Patrick Hoffman, II's motion for reconsideration (ECF No. 267) is **GRANTED IN PART** and **DENIED IN PART**. This Opinion and Order supersedes the Court's original decision (ECF No. 265) on the defendant's motion to vacate special administrative measures, but that motion (ECF No. 264) is still denied for lack of jurisdiction.

The government's request to dismiss the motion to vacate special administrative measures (ECF No. 274) is **DENIED AS MOOT**.

---

[5] Similarly, the correct venue for a habeas petition under 28 U.S.C. § 2241 is the district where the movant is currently incarcerated. *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000).

[6] At the time the government filed its motion to dismiss, the defendant was housed at FCI Cumberland in the District of Maryland. *See* ECF No. 274 at 1. It appears that the defendant is now incarcerated at Florence ADMAX USP in the District of Colorado. *See Find an Inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Aug. 10, 2026).

The Clerk is **DIRECTED** to provide a copy of this Opinion and Order to the defendant at Florence ADMAX USP. *See supra* n.6.

    **IT IS SO ORDERED**.

/s/ _____

Jamar K. Walker
United States District Judge

Norfolk, Virginia
August 10, 2026